**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 0 4 2020

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## ~~LITTLE ROCK~~ DIVISION
Central

**ELIZABETH ANN CORBITT, on behalf of herself**
**And all other similarly situated**                                    **PLAINTIFF**

**V.**                                    **CASE NO.** 4:20-cv-1070-JM

**BOARD OF TRUSTEES OF THE**
**UNIVERSITY OF ARKANSAS SYSTEM; and**
**JOHN GOODSON, Esq., Chairman, in his official capacity**
**As Trustee, and**
**TED DICKEY, Esq., in his official capacity as Trustee**
**CC. "Cliff" Gibson, III, Esq., in his official capacity as Trustee**
**Morril Harriman, Esq., in his official capacity as Trustee**
**Kelly Eicher, Esq. in her official capacity as Trustee**
**Sheffield Nelson, Esq. in his office capacity as Trustee**          **DEFENDANTS**

### CLASS ACTION COMPLAINT FOR DELCARATORY JUDGMENT
### INJUNCTIVE RELIEF AND OTHER EQUITABLE MONETARY RELIEF
### TO REMEDY THE PRESENT DEPRIVATIONS OF
### CONSTITUTIONAL RIGHTS AND INJUSTICE
### PRESENT IN THE UNIVERSITY OF ARKANSAS AT FAYETTEVILLE
### PARKING TICKET REGIME

Plaintiffs, Elizabeth A. Corbitt, by counsel, brings this action on behalf of herself,

individually, and as a Class Action on behalf of a proposed Class of similarly-situated persons

(collectively hereinafter referred to as "Plaintiffs"), defined below against defendants, Board of

Trustees for the University of Arkansas System ("University"), and John Goodson, Chairman, in

his official capacity as Trustee, for her complaint, states:

### OVERVIEW AND FACTS

1. Elizabeth A. Corbitt as of Fall of 2019 was a freshman student at the University of

    Arkansas at Fayetteville, AR.

This case assigned to District Judge_____Moody_____
Page 1 of 20 and to Magistrate Judge_____Volpe_____

2.  On or about August 9, 2019, Plaintiff Elizabeth A. Corbitt, ("Plaintiff") purchased a parking permit for $104.79 from the University of Arkansas Transit Department.  See Exhibit "A".

3.  On or about August 27, 2019, Elizabeth parked in student parking lot 56 D and was issued a warning ticket.  See Exhibit "A1"

4.  On or about September 13, 2019 was offered an upgraded parking permit for Zone 3 Resident parking permit for Lot 50.  See Exhibit "B".

5.  On or about September 13, 2019 and she accepted and paid $641.85 for the upgraded permit.  See Exhibit "B".

6.  On or about Friday, September 13, 2019 at around 2:43 pm, that parking permit was issued and valid.  See Exhibit "C".

7.  On Friday, September 13, at 2:56 p.m., U of A Transit system sent out an email to the entire reserved student parking permit holders receive an email notifying her that all vehicles parked in Razorback Foundation Priority Parking lots must be moved by 11:59 p.m. September 13, 2019.  See Exhibit "H"

8.  On Saturday, September 14 after 5 p.m. Elizabeth parked her car in lot 29E – Reserved Parking.  See Exhibit "D" – the parking map.  http://parking.uark.edu

9.  On Saturday, September·14, the same day, Elizabeth was issued a ticket and her car was towed to from Lot 29E Lot 55.   See Exhibit "E".

10. On Sunday, September 15, 2019, Elizabeth was fined $100 and that ticket amount was placed on Elizabeth's student account.  See Exhibit "F".

11. The University made no attempt to comply with the Arkansas Constitution.

12. The notice did not properly inform Elizabeth Corbitt before towing her car.

13. The Arkansas Constitution forbid the taking of a person's property without notice and a meaningful opportunity for hearing. *Franklin v. State,* 267 Ark. 311, 316, 590 S.W.2d, 31 (1979).

14. All administrative remedies have been exhausted because Elizabeth Corbitt was required to pay the ticket in full prior a hearing. See Exhibit "J".

15. All administrative remedies have been exhausted because Elizabeth Corbitt was required to fill out a form explaining why she was innocent of the parking violation. See Exhibit "G" and Exhibit "H" and Exhibit "J".

16. All administrative remedies have been exhausted because Elizabeth Corbitt was denied a hearing. See Exhibit "G" and Exhibit "H" and Exhibit "J".

17. All administrative remedies have been exhausted because Elizabeth Corbitt was denied adequate notice and a hearing. See Exhibit "G" and Exhibit "H".

18. All administrative remedies have been exhausted because 5 days is too short of a time frame for adequate notice to appeal. See Exhibit "G" and Exhibit "H".

19. All administrative remedies have been exhausted because Elizabeth Corbitt was required to violate her 5th Amendment of the U.S. Constitution rights against self-incrimination prior to a hearing.

20. The U.S. Constitution under the 7th Amendment guarantees the right of a trial by jury for all amounts over twenty ($20.00) dollars. Plaintiff was denied that right.

21. The Arkansas Supreme Court has held that a "statute authorizing a temporary or permanent injunction without notice and an opportunity to be heard fails to meet the fundamental requirements of due process clause of the Fifth and Fourteenth Amendments

to the Constitution of the United States and Article 2, section 21 of the Arkansas

Constitution. *Franklin v. State,* 267 Ark. 311, 316, 590 S.W.2d, 31 (1979).

22. This court should restrain the University of Arkansas from taking any further action in
violation of the Arkansas Constitution.

23. The University's actions have caused irreparable harm to the students at the University of
Arkansas.

24. The University of Arkansas Parking Ticket Regime illegally and unlawfully prohibits
students from registering for next semester's classes until all tickets are paid by placing a
hold on their student account.

25. The University's actions of issuing tickets, towing vehicles and requiring a profession of
innocence without notice or an opportunity to be heard is an abuse of power.

26. The Board through its parking and transit committee issues over 40,000 tickets a year.
See Exhibit "I".

27. The University has created a quota of tickets that have to be issued in order to meet
budgetary and monetary demands.

28. The Board through its parking and transit committee had collected in excess of
$1,000,000 in fines in traffic fines for each the years 2016, 2017, 2018, 2019.

29. The Board through its parking and transit committee is projected to collect in excess of
$1,200,000 in fines in traffic fines for the year 2020.

30. The Board is collecting an extraordinary amount money per year of the backs of
struggling students through its unconstitutional practices of collecting fines prior to trial,
preventing registration of classes because of unpaid fines, improperly limiting the amount
of time to file an appeal or plead not guilty, and finally improperly limiting access to a

hearing by demanding a valid reason for a hearing, all in violation of the due process

rights afforded by the U.S. Constitution and Arkansas Constitution.

## PARTIES, JURISDICTION, AND VENUE

31. Plaintiff Elizabeth Ann Corbitt ("Plaintiffs") is a citizen of Arkansas and a resident of

    Washington County while attending college at the University of Arkansas.

32. Defendant, the Board of Trustees of the University of Arkansas System ("Board and/or

    University") is a land-grant state university offering educational opportunities.

33. Defendant, the Board is the governing body of the University of Arkansas System.

34. The Board through the trustees as named in this suit are all licensed attorneys and as

    such, they have a duty to defend the constitution.

35. The U.S. Constitution and Arkansas Constitution is being violated by the University.

36. Pursuant to Ark. Code Ann. §6-64-202, the Board is made a political and corporate body

    whose powers are restricted by the United State Constitution, Constitution of the State of

    Arkansas, and the laws of the State of Arkansas.

37. The Board specifically manages and controls all related policies for the University of

    Arkansas System.

38. The class is represented by the Elizabeth A. Corbitt, a student at the University of

    Arkansas at Fayetteville.

39. Plaintiffs seek entry of a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202,

    declaring the rights, power, and other legal relations between the parties as it concerns the

    issuance of parking tickets and the collections of fines.

40. Plaintiffs, in addition to the declaration of rights pursuant to 28 U.S.C. §§ 2201 and 2202,

    request that the Court enter a permanent injunction pursuant to 42 U.S.C §§ 1983 and

1988, enjoining the University of Arkansas Transit and Parking Department from issuing

parking violations and awarding their attorney's fees and expert fees and costs in

pursuing this class action.

41. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331,

1343, and 1367.

42. This Court has the authority to grant declaratory relief under 28 U.S.C. §§ 2201 and 2202

and Federal Rules of Civil Procedure Rule 57.

43. This Court has the authority to grant injunctive relief under 42 U.S.C. §§ 1983 and 1988

and Federal Rules of Civil Procedure Rule 65

44. Venue is proper in this Court pursuant to 28 U.S.C §1391.

45. The claims of Plaintiff are brought pursuant to the Arkansas State Constitution; the

Arkansas Civil Rights Act of 1993, Ark. Code Ann. § 16-123-101, *et seq;* the Arkansas

Uniform Declaratory Judgments Act, Ark. Code Ann. § 16-111-101, *et seq* and Ark. R.

Civ. P. 57; and Arkansas state law.

46. This Court has subject matter jurisdiction and personal jurisdiction over all Defendants.

47. Venue is proper in this Court.

48. The Board at all times was all acting under color of state law at all relevant times

discussed below.

49. The Board has authority in accordance with Ark. Code Ann. §25-17-307 has the authority

to establish regulations to facilitate the operation and parking of motor vehicles on the

University of Arkansas Campus in Fayetteville, AR.

50. Defendant University is responsible for the actions of its employees through the doctrine of respondeat superior and the non-delegable duty to comply with the Arkansas Constitution.

51. Defendants Board of Trustees through its employees of the University Parking Ticket Regime conspired via email and other communications to deprive the Plaintiff of her due process rights and had notice that the University was doing so unlawfully based on prior actions being ruled illegal.

52. Defendant Board of Trustees has the power to enforce regulations promulgated through the Transit, Parking and Traffic Committee.

## CLASS ACTION REGARDING SIMILARLY SITUATED PERSONS

53. Pursuant to Ark. R. Civ. P. 23, Representative Plaintiff brings this action on behalf of itself and a Class of individuals defined as follows:

All person including students and non-students issued a ticket by the University of Arkansas within the last three (3) years.

Excluded from the Class are: (1) all Defendants; and (2) any judge or justice to whom this action is assigned, together with any relative of such judge or justice within the third degree of relationship, and the spouse of any such person.

54. The University of Arkansas Parking Ticket Regime and requirements of protesting or requesting a hearing are unconstitutional on their face.

55. The University of Arkansas Parking Ticket Regime applies to all people issued tickets on the University Property located in Fayetteville, Arkansas.

56. Upon information and belief, the number of Class members will exceed 1,000. Thus, individual joinder is impractical in satisfaction of Ark. R. Civ. P. 23(a)(1).

57. Representative Plaintiff's claims are typical of the claims of the Class, as required by Ark. R. Civ. P. 23(a)(3), in that Representative Plaintiff was subject a parking ticket and provisions of the Parking Ticket Regime enforced against her during the proposed Class Period.

58. The factual and legal bases of Representative Plaintiff's claims are common to all members of the Class and represents a common cause of injury to Representative Plaintiff and the Class members.

59. Numerous questions of law and fact are common to the Class and predominate over questions affecting only individual Class members, as required by Ark. R. Civ. P. 23(a)(2) and 23(b).  Such common questions include, but are not limited to:

    a.   Whether the Parking Ticket Regime provides for unlawful admissions of guilt;

    b.   Whether the Parking Ticket Regime violates procedural and due process;

    c.   Whether the Parking Ticket Regime fails to provide adequate notice of the right to adequate notice and a hearing;

    d.   Whether the Parking Ticket Regime provides for excessive fines in violation of the Arkansas State Constitution;

    e.   Whether Representative Plaintiff and the Class are entitled to a refund of fines and penalties paid and, if so, in what amount;

    f.   Whether Representative Plaintiff and the Class are entitled to compensation for demanding unlawful admissions of guilt, adequate notice and a hearing, and, if so, in what amount;

    g.   Whether Representative Plaintiff and the Class are entitled to injunctive relief; and

h.   Whether Representative Plaintiff and the Class are entitled to a declaration that the Parking Ticket Regime, and forms used to comprise that regime are unconstitutional and void.

60. Representative Plaintiff's claims are typical of the claims of the Class because they arise from the same course of conduct by Defendants and the relief sought is common.

61. The Class is ascertainable, as the Class is defined using objective criteria and Class Members are easily identifiable based on records in possession of Defendant.

62.   Most, if not all, of these documents are subject to the Arkansas Freedom of Information Act.

63. Most, if not all, of these documents are in possession of the University.

64. Representative Plaintiff will fairly and adequately represent and protect the interests of the Class, as required by Ark. R. Civ. P. 23(a)(4).  Moreover, Representative Plaintiff has retained counsel with substantial litigation experience.  Representative Plaintiff and its counsel are committed to the vigorous prosecution of this action on behalf of the Class and have the financial resources to do so.  Neither Representative Plaintiff nor its counsel has any interests adverse to those of the Class.

## COUNT I

### VIOLATION OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS UNDER THE U.S. CONSTITUTION AND ARKANSAS STATE CONSTITUTION

65. Representative Plaintiff incorporates by reference all of the foregoing paragraphs as if fully restated herein.

66. Article 2, §§ 2 – 3 and 21 of the Arkansas Constitution ensure due process of law.

67. Plaintiffs are entitled to the fundamental constitutional rights as set forth in the Arkansas Constitution.

**Unconstitutional Conditions**

68. No one acting under color of state law may condition the receipt of a benefit, such as a requirement to fill out a form and explain your innocence or refusal to fill out the same form on agreement to refrain from exercising one's constitutional rights, particularly one's right to due process of law under the 14th Amendment of U.S. Constitution.

69. No one acting under color of state law may deny a benefit to a person for exercising their constitutional rights.

70. No one acting under color of state law can impose arbitrary or unreasonable restrictions upon private property or its use.

71. Whether or not the actor under color of state law ultimately succeeds in pressuring someone into forfeiting a constitutional right, the unconstitutional conditions doctrine forbids burdening the Arkansas State Constitution's enumerated rights by coercively withholding benefits from those who exercise them.

72. The right to own property in Arkansas, like the right to exclude others from private property, is an extension of one's private property rights.

**Procedural Due Process**

73. Procedural due process requires at a minimum that a person be given notice and a reasonable opportunity for a hearing before he is deprived of property under color of state law.

74. The hearing must be before an impartial decision maker.

75. The University of Arkansas request for a hearing is not impartial.

76. The appeals form states it is a court: See Exhibit "G"

UAF Traffic Appeals Court
Parking Violation Appeal Form

Please Read Carefully Before Completing

77. No court in this nation requires you to fill out a form addressing your guilt: *Id.*

An appeal must address the violation and be based on very extenuating circumstances that caused violation of the parking and traffic regulations, before it will be reviewed by the Appeals Court. A lost ticket, forgetfulness, parking only for a short period, failure to display a parking permit, and/or not seeing the signs are not grounds for an appeal.

78. Procedural due process also requires that Defendants avoid any appearance of bias or reasonable suspicion of unfairness.

79. If your vehicle is towed, you are required to pay your citation fine before you can appeal: *Id.*

2.    Once the vehicle has been booted or towed, all tickets must be paid before they can be appealed.

80. Plaintiffs have rights to privacy, to use and enjoyment of their property, to have and protect their reputation, and to engage in lawful business.

81. These are fundamental rights under the Arkansas Constitution.

82. The Board failed to provide adequate pre-deprivation or post-deprivation procedural safeguards to satisfy due process.

83. The pre-deprivation notice is nonexistent.  Traffic citation recipients are forced to pay the fines, pay a $10 appeal fee and explain why their reason is valid for a hearing in violation of their constitutional rights of due process and adequate notice.

## Substantive Due Process

84. Substantive due process guarantees that action taken under color of state law is not arbitrary or capricious.

85. The appeals process provided by the University of Arkansas denies parking ticket violators the right to due process. *Id.*

86. Demand for an appeals form and demands for "very extenuating circumstances" are not valid reasons for denying an appeal. *Id.*

87. The Parking Ticket Regime and Appeals procedures of requiring a payment of $10 and payment of all fines are arbitrary and capricious.

88. The Parking Ticket Regime has employed a scheme that violated Article 2, § 15 of the Arkansas Constitution.

89. The appeals form procedures of the University does not advance a compelling state interest.

90. The appeal procedures of the University are unconstitutional and invalid for failure to provide due process of law as required by the Arkansas Constitution.

91. Defendant was at all times aware of the actions of its employees.

92. Defendants knew or reasonably should have known that their Appeals procedures violated Plaintiffs' constitutional rights.

93. Defendants' actions deprived Plaintiffs of their fundamental rights secured by the Arkansas Constitution.

94. Plaintiffs have suffered damages as a result of Defendants' deprivation of their constitutional rights.

95. Defendants conspired via email and other communication to deprive the Plaintiff of her due process rights.

## COUNT III

### ABUSE OF PROCESS

96. Plaintiffs incorporate by reference all of the foregoing paragraphs as if fully restated herein.

97. Defendants have no right to demand that the Plaintiff fill out a form for reasons of appeal.

98. Defendants abused a proper legal procedure of appealing a parking ticket.

99. Plaintiffs have suffered damages from the Defendants abuse of process.

100.       Defendants' abuse of process was the proximate cause of the damages sustained by the Plaintiffs.

101.       Defendants conspired via email and other communication to deprive the Plaintiff of his due process rights.

## COUNT IV

## CIVIL CONSPIRACY

102.       Plaintiffs incorporate by reference all of the foregoing paragraphs as if fully restated herein.

103.       Defendants via email to deprive the Plaintiff of his due process rights.

104.       Defendants knew or should have reasonably known that their actions against the Plaintiff was unlawful and deprived her of her due process by using an appeal form demanding a statement of innocence depriving the Plaintiff of its rights.

105.       Defendants knew or should have reasonably known that their actions against the Plaintiff was unlawful and deprived her of her due process by using switching the burden of proof from innocent until proven guilty to "prove your innocence", thereby depriving the Plaintiff of her rights.

106.       Plaintiff has been damaged by the defendants conspiring with the Parking Ticket Employees.

107.    Plaintiff has been damaged by the defendants by conspiring with the Parking

Ticket employees to set quotas and to interfere with the civil rights of the Plaintiff and

other so situated.  42 U.S. Code § 1985

## COUNT V

## RELIEF UNDER THE UNIFORM DECLARATORY JUDGMENTS ACT AND

## THE US CONSITUTION – DUE PROCESS VIOLATIONS

108.    Plaintiffs incorporate by reference all of the foregoing paragraphs as if fully

restated herein.

109.    Plaintiff seek entry of a declaratory judgment pursuant to 28 U.S. Code §§2201

and 2202, declaring class's rights, power, and other legal relations with the Board as

enforces parking regulations.

110.    Plaintiff seeks the entry of an injunction pursuant to 42. U.S.C. §§ 1983 and 1988,

enjoining the Board from continuing its parking ticket regime and from applying it to the

Class members.

111.    This court of record should declare the above actions were unlawful and grant

relief to the Plaintiff as requested in its demand for relief under A.C.A. §16-111-101.

112.    This court should bar any further actions by issuing a declaration that all violators

of parking ordinances on the University of Arkansas Campus are due adequate notice and

a proper hearing before finding them guilty of a traffic citation and tying it to their

student account and preventing them from registering for class.

113.    This court should declare that the actions taken by the University of Arkansas and

the individuals named herein have violated the law and damaged the Plaintiff in an

amount to be proved at trial.

114.    This court should issue a declaratory judgment in addition to the causes of actions listed herein in order to settle and afford relief to the Plaintiff.

115.    Plaintiff is entitled to a judgment declaring that the actions committed by the University of Arkansas and the individuals named herein were unconstitutional and unlawful under the Arkansas Constitution and under Ark. Code Ann. §§16-123-101, *et seq.* and 16-111-101, *et seq.*

### COUNT VI

### LIABILITY UNDER THE ARKANSAS CIVIL RIGHTS ACT AND THE US CODE

116.    Plaintiffs incorporate by reference all of the foregoing paragraphs as if fully restated herein.

117.    Pursuant to the Arkansas Civil Rights Act "every person who, under the color of any ... ordinance ... of this state or any of its political subdivision subjects ... any person within its jurisdiction thereof to the deprivations of any rights ... secured by the Arkansas Constitution shall be liable to the party injured in an action in circuit court for legal and equitable relief or other proper redress." Arkansas Code Ann. §16-123-105(a) and 42 U.S. Code §1983

118.    The fifth amendment and the fourteenth amendment of the U.S. Constitution requires that no person be deprived of his life, liberty or property without due process of law.

119.    At a minimum, due process requires notice that is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

120.    Similarly, the Arkansas Constitution, Article 2, Section 21 prohibits the State from depriving any person of life, liberty and property without due process of law.

121.    The government is required to provide notice and an opportunity to be heard "at a meaningful time and in a meaningful manner". *Fuentes v. Shevin*, 407 U.S. 67, 80, 90 (1972).

122.    By adopting the Parking Ticket Regime and electing not to create a true court and a board of appeals, the University of Arkansas vested final decision-making authority under its made-up rules and made up Appeals form, thereby violating the Plaintiff's rights.

123.    The actions of the University of Arkansas deprived the Plaintiff a property interest without having due process required under Article 2, section 21 of the Arkansas Constitution.

124.    The action of the University has deprived the Plaintiff of her civil rights under 42 U.S. Code § 1983 and 1988

## COUNT VII

### UNLAWFUL TYING AGREEMENT

125.    Representative Plaintiff incorporates by reference all of the foregoing paragraphs as if fully restated herein.

126.    Under authority of state law, Defendant University of Arkansas is granted a monopoly to provide parking on its campus.

127.    Defendant is not permitted to engage in an illegal tying arrangement.

128.    Defendant's custom of collecting parking tickets fines as a condition of registering for classes is an illegal tying arrangement.

129.    For students with an open account for parking fines, Defendant will not let that

student register for next semester's classes if all fines are not paid.

130.    Illegal tying arrangements are prohibited by the Arkansas Constitution; the

Arkansas Unfair Practices Act, Ark. Code Ann. § 4-75-201, *et seq*; and Arkansas

common law.

131.    The Class members have suffered damages as a result of Defendants' illegal tying

arrangement.

## PUNITIVE DAMAGES UNDER THE ARKANSAS CIVIL RIGHTS ACT

132.    The University of Arkansas should have known and/or should have reasonable

known that their actions in this case were unlawful because it requires you to state

reasons for your innocence in violation of long-standing principals of criminal law.

133.    The University of Arkansas should have known and/or should have reasonable

known that depriving the Plaintiff of their right to due process and thereby harming the

Plaintiff financially by constructively preventing them from registering for classes until

all fines are paid has irreparable harmed the Plaintiff.

134.    Defendants conspired via email and other communication to deprive the Plaintiff

of his due process rights

135.    Because the University of Arkansas actions were outside of the law and deprived

the Plaintiff of its due process rights and because the University of Arkansas intentionally

and should be punished to prevent the University of Arkansas from acting the same way

in the future.

## PRAYER FOR RELIEF

WHEREFORE, Representative Plaintiff respectfully prays for the following relief:

a.  The Court enter judgment declaring the action of the University of Arkansas actions

    are unconstitutional and invalid pursuant to the Arkansas Constitution; Ark. Code

    Ann. §§ 16-123-101, *et seq*.; and 16-111-101, *et seq*;

b.  The Court enter judgment granting permanent injunctive relief against enforcement of

    the University of Arkansas Parking Ticket Regime pursuant to the Arkansas

    Constitution; Ark. Code Ann. §§ 16-123-101, *et seq*.; and 16-111-101, *et seq*.;

c.  The Court enter judgment in favor of Plaintiff against Defendants for emotional

    distress pursuant to the Arkansas Constitution; Ark. Code Ann. §§ 16-123-101, *et

    seq*.; and 16-111-101, *et seq*.;

d.  The Court enter judgment in favor of Plaintiff for any and all costs associated with

    any action caused by evidence obtained through an unlawful search pursuant to the

    actions of the University of Arkansas and its agents pursuant to the Arkansas

    Constitution; Ark. Code Ann. §§ 16-123-101, *et seq*.; and 16-111-101, *et seq*;

e.  The Court enter judgment in favor of Plaintiff for a refund of all tickets monies lost

    and any other monies paid under the illegal acts of the University of Arkansas

    Parking Ticket Regime pursuant to the Arkansas Constitution; Ark. Code Ann. §§ 16-

    123-101, *et seq*.; and 16-111-101, *et seq*;

f.  The Court enter judgment in favor of Plaintiff for nominal damages pursuant to the

    Arkansas Constitution; Ark. Code Ann. §§ 16-123-101, *et seq*.; and 16-111-101, *et

    seq*.;

g.  The Court enter judgment in favor of Plaintiff for other compensatory damages

    pursuant to pursuant to the Arkansas Constitution; Ark. Code Ann. §§ 16-123-101, *et

    seq*.; and 16-111-101, *et seq*;

h.  The Court enter judgment in favor of Plaintiff for attorney's fees and cost of litigation pursuant to the Arkansas Constitution; Ark. R. Civ. P. 23; Ark. Code Ann. §§ 16-123-101, *et seq*.; and 16-111-101, *et seq*;

i.  The Court enter judgment in favor of Plaintiff against Defendants for punitive damages pursuant to Ark. Code Ann. §§ 16-123-107(b) and 16-123-108;

j.  The Court enter judgment in favor of Plaintiff on his individual claim, along with attorney's fees and costs of litigation pursuant to the Arkansas Constitution; Ark. Code Ann. §§ 16-123-101, *et seq*.; and 16-111-101, *et seq*; 42 U.S.C §1988

k.  That this court finds that the University of Arkansas knew or reasonably should have known that the actions of their agents were outside of the color of law and acted unreasonably thereby losing any qualified immunity and that they may be personally liable for all costs and attorney's fees.

l.  Attorney's fees and other costs deemed appropriate by this court should be awarded under 42 U.S. Code § 1988.

m.  That this court allow the Plaintiff a remedy in the law for the injury and wrongs suffered at the hands of the agents of the University of Arkansas under Article 2 § 13 Redress for wrongs.

n.  Trial by jury as to all issues so triable, including disputed issues of fact underlying issues of law; and

o.  All other further relief as is just and equitable under the circumstances.

September 4, 2020

Respectfully submitted,

**_/s/Chris P. Corbitt_**
Chris P. Corbitt, Ark Bar #2004089
Corbitt Law Firm, PLLC
PO Box 4368
Little Rock, AR 72214
Telephone (501) 907-2727
FAX (888) 838-9096
www.corbittlawfirm.com
Email: chris@corbittlawfirm.com

By _/s/ Chris P. Corbitt_
Chris P. Corbitt, Ark. Bar No. 2004089